1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

JOSE P. RUIZ,

                     Petitioner,

          v.

UNITED STATES OF AMERICA,

                     Respondent.

Case No. C97-5762RJB
CR95-5851RJB

ORDER DENYING A
CERTIFICATE OF
APPEALABILITY

15

16

17

18

       This matter comes before the court on petitioner's notice of appeal (CR95-5851RJB, Dkt. 181).

The court must determine whether to grant a Certificate of Appealability.  The court has reviewed the

record in both the criminal and civil cases.

19

20

**1.  History of Criminal Conviction**

       In an order dated February 9, 2000, United States District Judge Jack E. Tanner set forth the

history of petitioner's conviction and sentence, as follows:

21

22

23

> Ruiz was tried twice on charges of conspiracy to distribute, distribution, and possession with intent to distribute cocaine.  His first trial resulted in a mistrial when the jury declared that it was hopelessly deadlocked.  The second trial resulted in a conviction.  Ruiz was initially sentenced to 210 months in custody.  After a successful appeal, he was resentenced to 168 months in custody.

24

C97-5762RJB, Dkt. 29, at 1.

25

**2.  Proceedings and Motions in Criminal Case No. CR 95-5851RJB**

26

27

28

       On March 7, 2005, petitioner filed a Motion for Writ of Audita Querela.  CR95-5851RJB, Dkt.

166.  That motion was filed in the criminal case, and was not assigned a separate civil case number. On

August 9, 2005, Judge Tanner dismissed the motion, finding as follows:

ORDER
Page - 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> Defendant seeks resentencing by way of a Writ of *Audita Querela* based upon United States v.
> Booker, 125 S.Ct. 738 (2005). The Defendant's sentence became final prior to the Booker
> decision. Booker does not apply retroactively to cases that became final prior to January 12, 2005.
> Guzman v. United States, 2005 WL 803214.

CR95-5851RJB, Dkt. 170, at 1-2. On August 22, 2005, petitioner appealed the August 9, 2005 order.

CR95-5851RJB, Dkt. 171.  The appeal of the August 9, 2005 order, although docketed in the criminal

case, was a civil motion seeking postconviction relief.  The appeal is therefore properly characterized as a

civil appeal.  On March 2, 2006, the Ninth Circuit issued an order, concluding that the motion for writ of

audita querela was an attack on petitioner's conviction, and was therefore a second or successive motion

subject to the requirements of 28 U.S.C. § 2255; and denied the application to file a second or successive

motion.  CR95-5851RJB, Dkt. 196.

**3.  Proceedings and Motions in Civil Case No. C97-5762RJB**

On December 26, 1997, petitioner filed a motion under 28 U.S.C. § 2255 to vacate, set aside or

correct his sentence.  C97-5762RJB, Dkt. 1. On February 9, 2000, United States District Judge Jack E.

Tanner issued an order denying petitioner's motion under 28 U.S.C. § 2255.  C97-5762RJB, Dkt. 29.

Petitioner appealed the February 9, 2000 order, and on May 13, 2002, the Ninth Circuit U.S. Court of

Appeals affirmed the district court judgment.  C97-5762RJB, Dkt. 34.  Petitioner filed a document with the

Ninth Circuit, captioned Application for Relief FRAP 27(a)(1).  *See* C97-5762RJB, Dkt. 35.  The Ninth

Circuit considered this an application for authorization to file a motion under 28 U.S.C. § 2255, and denied

the application.  *Id.*

On July 20, 2005, petitioner filed a document captioned Motion for Relief from Judgment or Order

Pursuant to FRCivP Rule 60(b)(5) & (6).  C97-5762RJB, Dkt. 36.  On September 30, 2005, Judge Tanner

issued an order interpreting this motion as a Motion for Reconsideration, construing the motion as a

second or successive motion under 28 U.S.C. § 2255, and dismissing the motion for want of jurisdiction.

C97-5762RJB, Dkt. 37.  On October 11, 2005, the order dismissing petitioner's motion for relief from

judgment was returned as undeliverable to the Clerk's office by the U.S. Post Office.  C97-5762RJB, Dkt.

38.

On November 25, 2005, petitioner filed an appeal of Judge Tanner's September 30, 2005 order in

the civil case, C97-5762RJB, Dkt. 37.  The appeal was docketed in the criminal case, so there was some

confusion as to the record.  *See* CR95-5851RJB, Dkt. 181.  This appeal is a civil appeal of Judge Tanner's

ORDER
Page - 2

1    September 30, 2005 order, C97-5762RJB, Dkt. 37.  Before this court is the issue of whether to grant

2    petitioner a Certificate of Appealability in his appeal (CR95-5851RJB, Dkt. 181) of the September 30,

3    2005 order in C97-5762RJB, Dkt. 37.  This order denying a Certificate of Appealability will be docketed in

4    both C97-5762RJB and CR95-5851RJB.

5         **4.  Legal Standard**

6         The district court should grant an application for a Certificate of Appealability only if the petitioner

7    makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To obtain a

8    Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that

9    reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different

10   manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack v.*

11   *McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

12   When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason

13   would find it debatable whether the petition states a valid claim of the denial of a constitutional right and

14   that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

15   *Slack v. McDaniel*, 120 S.Ct. at 1604.

16        **5.  Discussion**

17        Judge Tanner construed petitioner's Motion for Relief from Judgment or Order Pursuant to

18   FRCivP Rule 60(b)(5) & (6) (97-5762RJB, Dkt. 36) as a second or successive motion under 28 U.S.C. §

19   2255, and dismissed the motion for want of jurisdiction.  See C97-5762RJB, Dkt. 37. There is nothing in

20   the record that would support a conclusion that jurists of reason would find it debatable whether the

21   petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

22   debatable whether this court was correct in its procedural ruling.  The motion for a Certificate of

23   Appealability should be denied.  Nothing in this order, however, prohibits petitioner from filing with the

24   Ninth Circuit a motion pursuant to 28 U.S.C. § 2255, requesting authorization from the Ninth Circuit to

25   file a second or successive motion under Section 2255.

26

27

28

ORDER
Page - 3

1      Therefore, it is hereby

2      **ORDERED** that a Certificate of Appealability on petitioner's appeal (CR95-5851RJB, Dkt. 181)

3  of the September 30, 2005 order in C97-5762RJB is **DENIED**.

4      The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any

5  party appearing *pro se* at said party's last known address.

6      DATED this 14th day of March, 2006.

7

8      Robert J. Bryan
       United States District Judge

9

ORDER
Page - 4